UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH LEE BENSON,

                 Plaintiff,

v.                                               Case No. 23-cv-1218-pp

MD K. PURCELL, *et al.*,

                 Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND ALLOWING PLAINTIFF TO FILE AMENDED COMPLAINT**

      Joseph Lee Benson, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants were deliberately indifferent to his serious medical need. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On September 14, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $16.37. Dkt. No. 5. The court received that fee on October 2, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.  Screening the Complaint**

  A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants MD K. Purcell, Wellpath Healthcare staff and Jane and John Doe Milwaukee County classification staff. Dkt. No. 1 at 1.

The plaintiff alleges that on February 8, 2023, he was brought into the Milwaukee County Jail for sentencing in a state criminal case. Id. at 2. He alleged that when he was "booked in" the jail, he was given a complete health screening, which revealed that he "was still healing from a gun shot wound that broke [his] femur bone in [his] right leg." Id. The plaintiff says he previously was housed at the jail from August 28 through December 7, 2022,

before he was transferred to Dodge Correctional Institution. Id. The plaintiff asserts that he had been receiving restrictions from Wellpath Services concerning his injury. Id. at 2, 4.

The plaintiff says that when he returned to the jail on February 8, "classification" housed him on the upper tier, "when Wellpath clearly [k]new of [his] injury and [his] restrictions of lower level and lower bunk and [his] use of a cane to get around safely." Id. at 4. The plaintiff says that on February 8, 9 and 10, 2023, he complained to staff about his "housing situation" because it was on the upper tier. Id. He says jail officers and Wellpath staff assured him that, due to his restrictions, he would be moved to a lower level with a lower bunk. Id. The plaintiff alleges, however, that he never was moved to a lower tier or lower bunk and that his "leg ended up giving out." Id.

The plaintiff explains that since February 10, he has been seeing doctors about the injury to his femur and the healing process. Id. at 3. He alleges that on February 10, 2023 at about 2:15 p.m., he was coming down the stairs of the sixth floor when he fell down the stairs because his "leg gave out." Id. The plaintiff says that a medical emergency was called to assist him and examine the situation. Id. He says that at that time, Wellpath staff "made a decision due to [his] prior injury and the severe swelling in [his[ leg." Id. He says he was "charted" to the Aurora Mount Sinai emergency room, and that at about 3:15 he was examined by the ER staff and given treatment and medication for the severe swelling. Id.

The plaintiff asserts that because the defendants placed him on a top tier, "disregarding [his] medical restriction," he fell from the second tier down the stairs. Id. at 3. He says this further injured his femur. Id. The plaintiff asserts that doctors have documented that the broken femur has not healed. Id. The plaintiff alleges that he is in daily pain and uses a walking device. Id. He says he experiences "sharp shooting and stabbing pain" with loss of sleep and mental distress, and he is receiving only "ineffective pain medications." Id. The plaintiff says he has been complaining to the Health Services Unit at the Department of Corrections and "often" asking to see an orthopedic specialist. Id. He alleges that he was scheduled to see an orthopedic specialist in June 2023, but he does not say whether he ever had that appointment. Id.

The plaintiff seeks punitive damages for his pain and suffering from the "mistakes made by both parties." Id. at 5. He also lists in his request for relief, "Future systemic responsible behavior so that these negative behaviors are not displayed causing injury would be a blessing to [him] and others who suffer these same problems would also be appreciated greatly." Id.

C.  Analysis

The plaintiff's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an

objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*) (citing Farmer, 511 U.S. at 834). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff alleges that he suffers from a broken right femur caused by a bullet wound. He says that because of this injury, jail staff previously had housed him on a lower-tier housing unit and provided him a lower bunk and a cane. A broken femur is the kind of medical condition "that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). The court finds that, for the purpose of screening the complaint, the plaintiff's allegations about his broken femur satisfy the objective component of an Eighth Amendment claim.

But the complaint does not name a proper defendant. The plaintiff seeks to proceed against members of the jail's classification staff who allegedly assigned him to an upper-tier housing unit, and against Wellpath staff who failed to provide him the same restrictions he had when he was housed at the jail in August to December 2022. But the plaintiff has not named any specific individual who he believes is responsible. He generally names "Wellpath staff" and "Jane and John Doe classification staff" as defendants. A plaintiff may bring a lawsuit under §1983 only against persons. The "staff" of a jail or a jail unit is not a proper defendant because it is not a person who may be sued

under §1983. See Cash v. Marion C'nty Jail, 211 F. App'x 486, 488 (7th Cir. 2006) (affirming district court's dismissal of suit naming jail "staff" as defendants); Gray v. Weber, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of incarcerated person's §1983 complaint against defendants identified "only collectively as 'medical staff'"). The plaintiff may use a John or Jane Doe placeholder if he does not know the name of the person or persons he wishes to sue, but he cannot broadly name an entire jail or medical unit as a defendant.

The complaint also names "MD K Purcell" as a defendant. But the plaintiff does not say who this person is or how they were involved in his care or responsible for his fall. Simply listing the name of a potential defendant, without alleging what he or she did to violate the plaintiff's rights, is not enough to hold them liable under §1983. The plaintiff "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). The complaint contains no allegations against K. Purcell, so it does not establish his or her personal responsibility for the alleged violation of the plaintiff's rights.

The complaint as written does not state a claim against any viable defendant. But it is possible that the plaintiff's allegations about improper housing that led to his fall could state a claim against one or more defendants. Because the plaintiff may be able to state a claim if he adds details, the court will give him an opportunity to amend his complaint to correct the deficiencies the court has noted and to better explain his claims.

7
Case 2:23-cv-01218-PP   Filed 10/30/23   Page 7 of 11   Document 7

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

Finally, the court notes that the plaintiff has expressed a desire to obtain relief on behalf of himself and "others who suffer these same problems." Dkt. No. 1 at 5. The plaintiff may not assert the rights of any other incarcerated

person. See Lewis v. Casey, 518 U.S. 343, 349–50 (1996); Massey v. Helman, 196 F.3d 727, 739–40 (7th Cir. 1999). He may proceed only on his own behalf for injuries that he personally suffered.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **December 1, 2023**. If the plaintiff files an amended complaint in time for the court to receive it by December 1, 2023, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive an amended complaint by the end of the day on December 1, 2023, the court will dismiss the case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$333.63** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

9

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Racine Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 30th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**