UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH LEE BENSON,

                Plaintiff,

v.                                                     Case No. 23-cv-1218-pp

JOHN DOE, *et al.*,

                Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

On October 30, 2023, the court screened plaintiff Joseph Lee Benson's complaint under 42 U.S.C. §1983 and concluded that it failed to state a claim. Dkt. No. 7. The court explained that although the complaint sufficiently alleged that the plaintiff suffered from a serious medical condition, it did not name a proper defendant for his Eighth Amendment claims. Id. at 6–7. The court observed that it was "possible that the plaintiff's allegations about improper housing that led to his fall could state a claim against one or more defendants." Id. at 7. The court allowed the plaintiff "an opportunity to amend his complaint to correct the deficiencies the court has noted and to better explain his claims." Id.

On November 20, 2023, the court received the plaintiff's amended complaint. Dkt. No. 8. This order screens that amended complaint.

**I.     Screening the Amended Complaint (Dkt. No. 8)**

   A.     <u>Federal Screening Standard</u>

As the court explained in the previous screening order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The amended complaint names as defendants Jane and John Doe Deputies and Lieutenants who worked for Milwaukee County and Jane and John Doe nurses who worked for Wellpath Services. Dkt. No. 8 at 1. The allegations of the amended complaint are substantially the same as those alleged in the original complaint.

The plaintiff alleges that on February 8, 2023, he was transferred to the Milwaukee County Jail. Id. at 2. A Jane Doe Wellpath nurse conducted a medical screening on the plaintiff. Id. The plaintiff alleges that the nurse "was aware of [his] current injury/broken femur" and told him that he had a "lower bunk/tier restriction." Id. At around 1:00 to 2:00 a.m. on February 9, 2023, jail staff moved the plaintiff in a top tier cell "clearly against [his] medical restriction." Id. The plaintiff says that he told a John Doe deputy that he had "a lower tier restriction due to [his] broken femur in which [he is] using a cane."

Id. The deputy told the plaintiff that he would "look into it," but he "never did anything or came back." Id. The plaintiff alleges that the deputy "completely neglected [his] serious medical restriction," and it "was very strenuous trying to make it up those stairs." Id. at 2–3.

Later in the morning on February 9, 2023, a Jane Doe Wellpath nurse and a Jane Doe deputy called the plaintiff to come "down for morning medication." Id. at 3. The plaintiff told the Does about his medical restriction, and the Doe nurse reviewed the plaintiff's information and told him that he "did have a lower tier restriction." Id. The Doe deputy "got on the phone and informed [the plaintiff] she was calling classification to fix this situation." Id. The plaintiff claims that nothing was done, and these Doe defendants also neglected his medical needs. Id. The plaintiff says he continued to climb the stairs to his cell, even though it "caused [him] further pain each time going up and down the staircase." Id. At about 8:00 p.m. that night, he told a Jane Doe nurse that he needed to be moved because of his restriction, but he says that "again nothing was done to compensate for [his] serious medical needs." Id.

The plaintiff alleges that in the morning on February 10, 2023, he left his cell and began descending the stairs for morning medication. Id. at 3–4. He says Jane Doe nurse asked him, "Why are you still up the[re?] . . . Clearly you have a lower bunk/lower restriction it says it right here." Id. at 4. The Doe nurse showed the plaintiff her computer, which noted the plaintiff's medical restriction. Id. A Jane Doe deputy told the plaintiff that she would call

"classification to get [him] move[d] right now." Id. But the plaintiff says still nothing was done. Id.

At around 2:15 p.m. that day, the plaintiff was descending the stairs using a cane when his "leg gave out," and he fell down the steps. Id. The plaintiff "screamed in pain," and a John Doe deputy told him not to move and called a medical emergency. Id. He says that two Jane Doe nurses, a Jane Doe lieutenant and "several other Deputies" arrived. Id. A Jane Doe doctor or nurse examined the plaintiff and noted "severe swelling that happened after the fall." Id. The plaintiff was transferred to Aurora Mount Sinai hospital by ambulance. Id. Hospital staff examined the plaintiff and provided him "medication [and] treatment for the severe swelling due to this fall down the stairs." Id.

The plaintiff says that, after he returned from the hospital, the Doe staff who had ignored his medical needs "follow[ed] [his] medical restrictions" and placed him on the lower tier. Id. He says it was too late because he had already fallen. Id. He alleges that his "injuries were slowly progressing before this fall happened." Id. He says that because of the fall, his "injuries aren't healing properly and [he] may need multiple surgeries because this fall caused [his] progress to stop." Id. at 5.

The plaintiff seeks compensatory and punitive damages for his pain and suffering, emotional distress and loss of sleep caused by "the named defendants neglecting [his] serious medical restrictions and injuries caused by the neglect." Id. at 6.

C. Analysis

As the court explained in its previous order, the plaintiff's allegations amount to a claim of deliberate indifference, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (*en banc*) (citing Farmer, 511 U.S. at 834). A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The court finds that the amended complaint sufficiently realleges that the plaintiff suffered from a broken femur, which constitutes a serious medical condition. See Dkt. No. 7 at 6 (citing Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). The remaining question is whether the amended complaint properly names a defendant who was subjectively aware of the plaintiff's medical need but was deliberately indifferent to it.

The amended complaint identifies several Jane or John Doe nurses, doctors, deputies and lieutenants whom the plaintiff seeks to hold liable for his fall. The plaintiff first identifies a Jane Doe nurse who performed the plaintiff's medical screening on February 8, 2023. He alleges that this nurse noted his

6

Case 2:23-cv-01218-PP   Filed 01/02/24   Page 6 of 13   Document 9

injury and told him that he had a medical restriction for a lower bunk or tier. He does not allege anything else against this defendant. For example, the plaintiff does not allege that the Doe nurse performed his medical screening with deliberate indifference or that she disregarded his injury during the screening. To the contrary, he says she was aware of his injury and told him he still had a medical restriction for a lower-tier cell and lower bunk. These allegations do not suggest that the Doe nurse disregarded the plaintiff's injury. Because the amended complaint does not allege that the Doe nurse was indifferent to the plaintiff's injury or his need for a lower-tier cell and lower bunk, it does not state a claim against her.

The plaintiff next alleges that very early on February 9, 2020, he was moved to a top-tier cell. He says that he told a John Doe deputy about his medical restriction, and the deputy responded that he would "look into" the plaintiff's restriction. The plaintiff says this deputy did nothing and did not come back to check on the plaintiff's status. The plaintiff says the deputy "neglected" his medical need, but it also could be that the deputy simply forgot about the plaintiff's medical restriction or his request. That would amount to negligence, which does not violate the Constitution. See Farmer, 511 U.S. at 835–36. But the court must liberally construe the allegations in the plaintiff's favor at the screening stage. The court finds that the plaintiff sufficiently alleges that this John Doe deputy disregarded his medical needs and will allow him to proceed on an Eighth Amendment claim against the deputy.

7

The plaintiff alleges that later on February 9, 2023, a Jane Doe nurse and a Jane Doe deputy called him for morning medication pass. These defendants confirmed the plaintiff's medical restriction, and the deputy called the classification department about it. The plaintiff alleges that his situation did not change. But he does not allege that these Jane Doe defendants disregarded him; instead he alleges that each took action (checking his medical file, calling classification) when he told them about his medical restriction. That the plaintiff's medical restriction was not enforced, and he eventually fell down the stairs, does not mean these Jane Doe defendants were deliberately indifferent to his medical need. See Barrows v. Goldman, 858 F. App'x 199, 201 (7th Cir. 2021) (citing Farmer, 511 U.S. at 843; and Johnson v. Dominguez, 5 F.4th 818, 824–25 (7th Cir. 2021)) ("A defendant is not liable under the Eighth Amendment if he responds reasonably to a risk, even if the harm was not avoided."). The amended complaint alleges that these defendants acted reasonably in response to the plaintiff's complaint about his medical restriction, so they cannot be held deliberately indifferent for his fall.

The plaintiff next alleges that in the evening on February 9, 2023. he told a Jane Doe nurse about his medical restriction, but "nothing was done." Dkt. No. 8 at 3. That single sentence does not satisfy the pleading rules that the court explained above, which require that the complaint contain sufficient facts to allow the court to reasonably infer that the defendant is liable for violating the plaintiff's rights. See Fed. R. Civ. P. 8(a)(2); Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. The plaintiff does not allege whether the Doe nurse

examined him, spoke with him, reviewed his medical information or had the authority to do anything in response to his request about his medical restriction. He says only that he told her about his restriction, but he remained in the top-tier cell. These vague allegations do not provide enough information to allow the court to infer whether the Jane Doe nurse may be held liable for disregarding the plaintiff's medical needs. The court will not allow the plaintiff to proceed on a claim against this defendant.

The plaintiff next alleges that on February 10, 2023, he spoke with a Jane Doe nurse and a Jane Doe deputy during morning medication pass. The nurse confirmed that the plaintiff had a medical restriction, and the deputy told the plaintiff she would call classification to have the plaintiff moved "right now." Id. at 4. Like the allegations against the nurse and deputy with whom the plaintiff spoke on February 9, 2023, these allegations show that these defendants (perhaps the same people) did not disregard the plaintiff's medical needs but instead acted in response to his requests. For the same reasons the court just explained, the plaintiff may not proceed on a claim against these defendants because the amended complaint alleges that they "respond[ed] reasonably to a risk, even [though] the harm was not avoided." Barrows, 858 F. App'x at 201.

The next defendant the plaintiff names is a John Doe deputy who was the first person on the scene when the plaintiff fell. This Doe allegedly called a medical emergency and told the plaintiff not to move after he fell down the stairs. In response to this call, multiple nurses or doctors and deputies or

lieutenants arrived to examine and assist the plaintiff. One or all these defendants then called for an ambulance to take the plaintiff to the hospital. These allegations do not state a claim against any of these defendants for acting with deliberate indifference. They show that these defendants responded immediately to the plaintiff's fall and injury, provided medical assistance and decided to have the plaintiff sent to the hospital for further treatment. These decisions show that the defendants made a reasonable choice based on their professional or medical judgment. By definition, that cannot be deliberate indifference. See Zaya v. Sood, 836 F.3d 800, 805 (7th Cir. 2016). The court will not allow the plaintiff to proceed against any of these defendants.

The amended complaint alleges an unfortunate series of events that led to the plaintiff's fall and injury. But with perhaps one exception, it does not name a defendant who may be held liable to the plaintiff for his improper housing that led to his fall. Most of the defendants named in the amended complaint took reasonable action in response to the plaintiff's concerns. Those defendants cannot be said to have been deliberately indifferent, even though the plaintiff remained housed on an upper-tier cell and eventually fell down the stairs. The amended complaint does not provide enough information to hold some other defendants liable. The court will allow the plaintiff to proceed only against the John Doe deputy with whom the plaintiff spoke at around 1:00 to 2:00 a.m. on February 8, 2023, and who the plaintiff says told him that he would "look into" the plaintiff's medical restriction. These are the allegations on pages 2 to 3 of the amended complaint. The plaintiff may not proceed against

any other defendant. Because the amended complaint does not state a claim against any of the nurses or doctors who work for Wellpath, the court will dismiss Wellpath as a defendant from this lawsuit.

Because the plaintiff does not know the name of the John Doe defendant against whom the court is allowing him to proceed, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the name of the defendant. See Donald v. Cook Cnty. Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996) (noting that courts are charged with assisting *pro se* litigants who state allegations against individuals not necessarily named in the caption of their complaint). Sheriff Ball is not required to respond to the complaint. After Sheriff Ball's attorney files an appearance in the case, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in the notice of appearance) to get information that will help him identify the name of the John Doe deputy.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Ball, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real name of the defendant he is suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After the plaintiff learns the name of the deputy whom he alleges violated his constitutional rights, he must file a motion to substitute that deputy's

11
Case 2:23-cv-01218-PP   Filed 01/02/24   Page 11 of 13   Document 9

name for the John Doe placeholder. The court will dismiss Sheriff Ball as a defendant once the plaintiff identifies the John Doe defendant's name. After the defendant has an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the name of the John Doe defendant **within sixty days of Sheriff Ball's attorney filing a notice of appearance**. If he does not identify the Doe defendant or does not explain to the court why he is unable to do so within sixty days of Sheriff Ball's attorney filing a notice of appearance, the court may dismiss his case based on his failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.).

## II. Conclusion

The court **DISMISSES** Wellpath Services, the Jane Doe defendants and all but one of the John Doe defendants.

The court **ORDERS** that the Clerk of Court must add Milwaukee County Sheriff Denita R. Ball to the docket as a defendant for the limited purpose of helping the plaintiff identify the remaining John Doe defendant.

The court **ORDERS** that under an informal service agreement between Milwaukee County and the court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on Sheriff Ball.

The court **ORDERS** that Sheriff Ball is not required to respond to the complaint; however, she must respond to discovery requests that the plaintiff

serves in an effort to identify the defendant's name. Sheriff Ball does not have to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the real name of the John Doe defendant **within sixty days of Sheriff Ball's attorney filing a notice of appearance** in the case. If, by that deadline, the plaintiff does not identify the Doe defendant's real name or does not explain to the court why he is unable to do so, the court may dismiss this case based on the plaintiff's failure to diligently pursue it.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**